# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED BANK<br>11185 Fairfax Boulevard<br>Fairfax, VA 22023 | )<br>)<br>)<br>) | Case No. 2:24-cv-03<br><br>(Judge Kleeh) |
| Plaintiff, | ) | |
| v. | )<br>) | |
| ALLEGHENY WOOD PRODUCTS, INC.<br>240 Airport Rd.<br>Petersburg, WV 26847 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| ALLEGHENY WOOD PRODUCTS<br>INTERNATIONAL, INC.<br>240 Airport Road<br>Petersburg, WV 26847 | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| ALLEGHENY WOOD TIMBER<br>PRODUCTS, LLC<br>240 Airport Road<br>Petersburg, WV 26847 | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| John W. Crites, II<br>417 Point Drive<br>Petersburg, WV 26847 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**ORDER APPROVING SALE OF REAL ESTATE LOCATED
IN PRESTON COUNTY, WEST VIRGINIA FREE AND CLEAR
<u>OF ALL CLAIMS, LIENS, AND ENCUMBRANCES</u>**

This matter came before the Court on the Receiver's Motion to Sell Real Estate Located

in Preston County, West Virginia Free and Clear of All Claims, Liens, and Encumbrances (the

"Motion") filed by Christopher Deweese, solely in his capacity as court-appointed receiver in the above-captioned proceeding (the "**Receiver**"). The Motion seeks approval of the transaction contemplated by the Real Estate Purchase Agreement (the "RPA") between Receiver and State of West Virginia for the use and benefit of the State Armory Board (the "**Buyer**").

Pursuant to the RPA, the Receiver seeks to sell approximately 1,500 acres of unencumbered real estate owned by AWP (the "**Property**") for the sum of One Million Seven Hundred Thousand Dollars ($1,700,000) (the "**Purchase Price**"). The RPA further provides for AWP's retention of certain timber harvesting rights specified in the Timber Purchase Agreement and Lease and License Termination Agreement ("**TPA**"), a copy of which is attached to the RPA.

## Findings of Facts

Based on the Motion and the arguments of counsel, the Court finds as follows:

1. The Property is subject to the Order Appointing Receiver entered on March 6, 2024, as subsequently amended by the Amended Order Appointing Receiver entered on March 27, 2024, and the Agreed Order Amending the Order Appointing Receiver Nunc Pro Tunc entered on May 21, 2024 (the "**Receivership Order**").

2. The Receiver is currently in possession and operation of the Property.

3. The Receiver believes that the proposed sale pursuant to the RPA (the "**Sale**") is commercially reasonable and that the Purchase Price for the Property represents the fair market value of the Property.

4. The RPA has been approved and stipulated by United Bank, a Virginia banking institution, successor by merger to United Bank, Inc. ("**United**"), as well as Allegheny Wood Products, Inc. ("**AWP**"), Allegheny Wood Products International, Inc. ("**AWPI**"), and Allegheny

2

Wood Timber Products, LLC ("**AWTP**") (collectively, the "**Borrowers**"), and by John W. Crites, II.

5.  The Receiver believes that the sale of the Property pursuant to the RPA is in the best interests of the Receivership Estate, creditors, and all other interested persons and entities for the reasons set forth in the Motion.

6.  The Buyer is a "good faith" purchaser of the Property pursuant to W. Va. Code § 55-21-16(f).

7.  The parties to the civil action consent to the Sale.[1] All other necessary parties-in-interest were duly served with notice of the hearing on the Motion and had a full and fair opportunity to object to the Sale.

### **Legal Grounds For Sale**

8.  The West Virginia Uniform Commercial Real Estate Receivership Act, W. Va. Code § 55-21-1 *et seq.* (the "**Act**") authorizes sales of receivership property.

9.  Section 55-21-12 of the Act permits the Receiver to sell receivership property other than in the ordinary course of business with court approval.

10. Section 55-21-16(c) permits the Receiver, with court approval, to sell receivership property free and clear of liens but that liens extinguished by such sale attach "to the proceeds of the transfer with the same validity, perfection, and priority the lien had on the property immediately before the transfer, even if the proceeds are not sufficient to satisfy all obligations secured by the lien."

11. Pursuant to the Receivership Order, the Receiver has been authorized and directed to take possession, and assume exclusive control, of the Receivership Estate and to sell or

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in the Motion.

otherwise dispose of the Property, subject to confirmation by this Court and on regular notice to the parties to this case. Receivership Order, §§ 6.a and 6.o.

12. The Receivership Order further authorized the Receiver to "market and sell all or any part of the Receivership Estate either pursuant to the rights granted under the Loan Documents [held by Lender] or as otherwise provided at law or equity." *Id.*

13. In the present case, the Receiver and Buyer have pursued the Sale of the Property in good faith and in the sound exercise of their business judgment. The Receiver and Buyer have negotiated the proposed Sale in good-faith and through arm's-length negotiations. The Receiver believes that the Sale is in the best interest of the receivership estate and the creditors of the estate, and that sound, good, and valid business reasons exist to permit the Sale in accordance with the Receivership Order.

14. Based on the facts set forth in the Motion, and based on the arguments of counsel, the Purchase Price represents the fair market value of the Property. The sale of the Property pursuant to the RPA is commercially reasonable and is in the best interest of the receivership estate, Lenders, and all other interested persons and should be approved on the terms set forth in the RPA.

15. Notice of the hearing on the Motion is appropriate under the Act.

WHEREFORE, the Court hereby orders as follows.

A. The sale of the Property to the Buyer at the Purchase Price and under the terms of the RPA is commercially reasonable, represents the fair market value of the Property, and is in the best interest of the Receivership Estate, and is hereby approved.

B. The Buyer is a "good faith" purchaser of the Property pursuant to W. Va. Code § 55-21-16(f)

C. The sale of the Property at the Purchase Price is approved on the terms set forth in the RPA, and any and all liens, claims, interests, and encumbrances shall attach to the proceeds of the Sale payable to the Receivership Estate to the same extent as such liens, claims, interests, and encumbrances attached to the Property prior to the proposed sale.

D. Appropriate notice of the sale of the Property and notice of the hearing on the Motion was given to all necessary parties-in-interest in accordance with the Act by service of a copy of the Motion. All parties had a full and fair opportunity to object to the sale of the Property.

E. The Receiver is hereby authorized to execute and deliver all further documents, instruments, and agreements, and to take all actions necessary or desirable to complete the contemplated sale as set forth in the RPA.

F. Upon the closing of the Sale pursuant to the RPA, the Receiver shall deliver possession and control of the Property to the Buyer free and clear of all claims, liens, interest, and encumbrances and the proceeds of the Sale payable to the Receivership Estate shall be deposited in the general fund of the Receivership Estate

G. The Buyer, Receiver, creditors, and any other party-in-interest shall be entitled to rely upon the terms and provisions of this Order. Notwithstanding any subsequent dismissal of this case, closing of this case, or discharge of the Receiver, this Order shall remain in full force and effect and shall in no manner be deemed vacated or set aside. This Order not only approves the Sale, but serves as confirmation of the Sale, and no further proceedings are or shall be necessary for the Sale to be approved and confirmed in all respects.

H. The Sale contemplated by the RPA is a sale of assets and the Buyer, by virtue of its acquisition of the Property, shall have any successor or vicarious liabilities of any kind or nature with respect to any alleged liability of Borrowers and/or Receiver.

      I.      Except as expressly provided in this Order or in the RPA, the sale of the Property to the Buyer is free and clear of all claims, liens, interests, and encumbrances, and all persons and entities holding claims against or interests in Borrowers or the Property are hereby forever barred, estopped, and permanently enjoined from asserting any such claims or interests against Receiver, Buyer, or the Property.

      J.      This Court makes no determination as to the existence or validity of liens or claims asserted against AWP's and/or AWTP's retention of certain timber harvesting rights specified in the TPA, and all rights of creditors to assert liens or claims against timber harvesting rights under the TPA are preserved.

      K.      Borrowers are hereby ordered to cooperate with the Receiver with respect to all matters that may be required to complete the sale of the Property as set forth herein, including the production of any surveys, inspections, or other documents as may be reasonably requested by the Receiver.

      L.      This Court shall retain jurisdiction to enforce, interpret, and implement the terms of this Order and any and all documents executed in connection with this Order or in connection with the sale contemplated hereunder. Notwithstanding any provisions of the Act or relevant law, this Order shall be effective and enforceable immediately upon issuance thereof.

      M.      This Order constitutes a final order, and the Court expressly finds that there is no just reason for delay in the entry of this Order and that this Order is final immediately for purposes of appeal.

      IT IS SO ORDERED.

      The Clerk is directed to transmit copies of this Order to counsel of record and any unrepresented parties.

DATED: September 11, 2024

_____
Hon. Thomas S. Kleeh