# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED BANK | ) | Case No. 2:24-cv-03 |
| 11185 Fairfax Boulevard | ) | |
| Fairfax, VA 22023 | ) | (Judge Kleeh) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ALLEGHENY WOOD PRODUCTS, INC. | ) | |
| 240 Airport Rd. | ) | |
| Petersburg, WV 26847 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALLEGHENY WOOD PRODUCTS | ) | |
| INTERNATIONAL, INC. | ) | |
| 240 Airport Road | ) | |
| Petersburg, WV 26847 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALLEGHENY WOOD TIMBER | ) | |
| PRODUCTS, LLC | ) | |
| 240 Airport Road | ) | |
| Petersburg, WV 26847 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| John W. Crites, II | ) | |
| 417 Point Drive | ) | |
| Petersburg, WV 26847 | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

United Bank, a Virginia banking institution, successor by merger to United Bank, Inc. ("United"), files this motion (the "Motion") seeking an Order approving the settlement agreement (the "Agreement") between and among United, Allegheny Wood Products, Inc. ("AWP"),

Allegheny Wood Products International, Inc. ("AWPI"), Allegheny Wood Timber Products, LLC ("AWTP") (together with AWP and AWPI, the "Borrowers"), John W. Crites, II ("Crites"), and Christopher Deweese, solely in his capacity as court-appointed receiver in the above-captioned proceeding (the "Receiver"). The Agreement is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

The Agreement is in the best interest of the receivership estate, the parties to this lawsuit, the Receiver, the creditors and all constituents. As further set forth in this Motion, if the Agreement is approved, United will waive over $1.6 Million in debt, and will waive future default interest and late charges which will save the estate hundreds of thousands of dollars. Moreover, approval of the Agreement will save the estate hundreds of thousands of dollars in legal fees and expenses, and allows the Receiver to continue his orderly liquidation of the receivership estate. For the reasons set forth herein, United, the Borrowers, Crites, and the Receiver, respectfully request that this Court approve the Agreement and assert the following in support of this Motion:

## BACKGROUND

1. United is a secured lender of the Borrowers, asserting a first priority security interest in substantially all of the Borrowers' assets by virtue of multiple duly recorded deeds of trust, security agreements, UCC-1 filings, and other security and perfection documents, all of which are more accurately described in the Agreement.

2. Crites has executed multiple guaranties, wherein he has personally guaranteed the Borrowers' obligations to United.

3. On March 5, 2024, United filed Case No. 2:24-cv-00003 (the "Litigation") in the United States District Court for the Northern District of West Virginia (the "Court") against the

Borrowers, asserting multiple causes of action relating to the loans between United and the Borrowers.

4. The Receiver was appointed pursuant to the Order Appointing Receiver entered on March 6, 2024, as subsequently amended by the Amended Order Appointing Receiver entered on March 27, 2024, and the Agreed Order Amending the Order Appointing Receiver Nunc Pro Tunc entered on May 21, 2024 (collectively, the "Receivership Order"). Pursuant to the Receivership Order, the Receiver has possession and control over the Borrowers and all assets and operations of the Borrowers (collectively, the "Receivership Estate").

5. Jurisdiction and venue are proper in this Court under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1391(b)(1) and (2).

6. The Court has authority to appoint and oversee the receiver pursuant to 28 U.S.C. 3103 et seq., 28 U.S.C. § 754, and West Virginia Code § 53-6-1.

7. Since his appointment, the Receiver has worked diligently to liquidate the Borrowers' assets and to repay the Borrowers' liabilities, including the debt owed to United, and has made payments to United, which have significantly reduced the amounts owed to United.

8. As of October 31, 2024, the outstanding balance owed by the Borrowers and/or Crites to United was $20,647,271.37. This balance includes default interest, late charges, attorney's fees and expenses, and other costs of collection, which continue to accrue.

## **MATERIAL TERMS OF THE SETTLEMENT**

9. The Defendants will stipulate to liability to United in the amount of the Settlement Amount (as such term is defined in the Agreement) and subject to the terms of the Agreement.

10. Crites will pay $2,086,435.99 (the "Guarantor Payment") into an already existing cash collateral account, the distribution of which is governed by the terms of the Agreement.

11. In exchange, United will waive all accrued late charges and default interest, which will reduce its claim from $20,647,271.37 to $19,014,880.98, as of October 31, 2024.

12. United will also waive its right to continue accruing late charges and default interest on the outstanding balance going forward.

13. The Agreement includes a waiver (and a release) by United of all claims[1] against the Receiver, Borrowers, and Crites, and a waiver of all claims (and a release) by the Receiver, Borrowers, and Crites against United.[2]

14. Pursuant to several provisions of the Receivership Order, the Receiver has the ability to operate, manage, and control the Borrowers' assets. The Receiver also has the ability to enter into contracts on behalf of the Borrowers and to prosecute and settle claims of the Borrowers against other parties.

15. Although the Receivership Order does not expressly require the parties to seek approval of a settlement of this nature, in light of the nature of this settlement, the parties believe that it is in the best interests of all interested parties to have the Agreement approved by the Court after notice of the settlement to all known creditors and parties who have appeared in this case.

WHEREFORE, based on the foregoing and the entire record before this Court, United respectfully requests that the Court enter an Order:

A. Authorizing the Agreement;

---

[1] United is waiving all claims against the Receiver, Borrowers, and Crites, except for its right to collect the Settlement Amount (as that term is defined in the Agreement) from its collateral and the Receivership Estate and the Guarantor Payments from Crites.

[2] Under the Agreement, Borrowers and Crites reserve the right to object and seek judicial determination from this Court as to the reasonableness of United's legal fees that may be included in the Settlement Amount.

B.     Authorizing and directing the Receiver to execute and deliver the Agreement and all further documents, instruments, and agreements, both on behalf of himself and on behalf of the Borrowers, and to take all actions necessary to consummate the Agreement;

C.     Declaring that the Borrowers and Crites are liable to United in the amount of the Settlement Amount, pursuant and subject to the terms of the Agreement;

D.     Granting such other and further relief as the Court may deem just and property under the circumstances;

E.     Directing that this matter remain open on the Court's active docket for purposes of allowing the parties and the Receiver to continue the orderly administration and winding down of the Receivership Estate pursuant to the Receivership Order and to permit the parties to carry out the terms of the Settlement Agreement; and

F.     Directing that, upon the Receiver's completion of his liquidation and application of the proceeds to the Borrowers' and Guarantor's outstanding obligations to United consistent with the Agreement, the Borrowers, Guarantor, and United shall apply to this Court for an order concluding this action and, if necessary, granting United a stipulated judgment consistent with the terms of the Agreement.

RESPECTFULLY SUBMITTED this 12th day of November, 2024.

UNITED BANK

By Counsel

*/s/ Seth P. Hayes*
Seth P. Hayes, Esq. (WVSB #10381)
Jackson Kelly PLLC
3000 Swiss Pine Way, Suite 200
Morgantown, West Virginia 26501
Telephone: 304-284-4100
shayes@jacksonkelly.com

and

Michael Beal, Esq.  (USDC # 1253)
BEAL, LLC
1301 Gervais Street, Ste. 1040
Columbia, SC  29201
mbeal@bealLLC.com
Admitted *Pro Hac Vice*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

**UNITED BANK**

      **Plaintiff,**

**v.**                                    **CIVIL ACTION NO 2:24-cv-00003-TSK
(JUDGE KLEEH)**

**ALLEGHENY WOOD PRODUCTS, INC.,
ALLEGHENY WOOD PRODUCTS INTERNATIONAL, INC., and
ALLEGHENY WOOD TIMBER PRODUCT, LLC,**

      **Defendants**

## CERTIFICATE OF SERVICE

I, Seth P. Hayes, do hereby certify that a true and accurate copy of the foregoing *"**MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT,**"* was served upon counsel of record using the CM/ECF system this 12th day of November 2024.

*/s/ Seth P. Hayes*
Seth P. Hayes, #10381

7