# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED BANK<br>11185 Fairfax Boulevard<br>Fairfax, VA 22023 | )<br>)<br>)<br>) | Case No. 2:24-cv-03<br><br>(Judge Kleeh) |
| Plaintiff, | ) | |
| v. | )<br>) | |
| ALLEGHENY WOOD PRODUCTS, INC.<br>240 Airport Rd.<br>Petersburg, WV 26847 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| ALLEGHENY WOOD PRODUCTS<br>INTERNATIONAL, INC.<br>240 Airport Road<br>Petersburg, WV 26847 | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| ALLEGHENY WOOD TIMBER<br>PRODUCTS, LLC<br>240 Airport Road<br>Petersburg, WV 26847 | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| John W. Crites, II<br>417 Point Drive<br>Petersburg, WV 26847 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**ORDER APPROVING SETTLEMENT AGREEMENT**

This matter came before the Court on the Motion for Approval of Settlement Agreement (the "Motion") filed by United Bank, a Virginia banking institution, successor by merger to United Bank, Inc. ("United"). The Motion seeks approval of a Settlement Agreement (the "Agreement")

between and among United, Allegheny Wood Products, Inc. ("AWP"), Allegheny Wood Products International, Inc. ("AWPI"), Allegheny Wood Timber Products, LLC ("AWTP") (together with AWP and AWPI, the "Borrowers"), John W. Crites, II ("Crites"), and Christopher Deweese, solely in his capacity as court-appointed receiver in the above-captioned proceeding (the "Receiver").

The Agreement was attached to the Motion, and the terms are more specifically described therein.

## Findings of Facts

Based on the Motion and the arguments of counsel, the Court finds as follows:

1. The Agreement is subject to the Order Appointing Receiver entered on March 6, 2024, as subsequently amended by the Amended Order Appointing Receiver entered on March 27, 2024, and the Agreed Order Amending the Order Appointing Receiver Nunc Pro Tunc entered on May 21, 2024 (collectively, the "Receivership Order").

2. The Receiver is currently in possession and operation of the Borrowers' assets and is liquidating the assets pursuant to the Receivership Order.

3. The Agreement is in the best interests of the Receivership Estate[1], creditors, and all other interested persons and entities for the reasons set forth in the Motion.

4. All known creditors and parties who have filed appearances in the case were duly served with notice of the hearing on the Motion and had a full and fair opportunity to object to the Agreement.

## Legal Grounds for the Agreement

5. Pursuant to the Receivership Order, the Receiver has been authorized and directed to take possession, and assume exclusive control, of the Receivership Estate and to sell or

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in the Motion.

otherwise dispose of the Property, subject to confirmation by this Court and on regular notice to the parties to this case. Receivership Order, §§ 6.a and 6.o.

6. The Receivership Order authorizes the Receiver "to institute, prosecute, defend, intervene in, compromise, or settle…such suits, actions, and proceedings as the Receiver deems necessary" to protect the Receivership Estate. Receivership Order, §§ 6.l.

7. The parties have negotiated the Agreement in good-faith and through arm's-length negotiations. The Receiver believes that the Agreement is in the best interest of the Receivership Estate and its creditors, and that sound, good, and valid business reasons exist to permit the Agreement in accordance with the Receivership Order.

8. Based on the facts set forth in the Motion and the arguments of counsel, the Agreement, as proposed, is commercially reasonable and is in the best interest of the Receivership Estate, United, Borrowers, Crites, and all other interested persons and should be approved.

9. Notice of the hearing on the Motion was appropriate and afforded all noticed parties an opportunity to object. No such party objected, or the Court has heard such objection and hereby overrules it.

WHEREFORE, the Court orders as follows.

A. The Agreement is approved.

B. The terms of the Agreement are commercially reasonable and are in the best interests of the Receivership Estate.

C. The Receiver is authorized to execute and deliver the Agreement and all further documents, instruments, and agreements, both on behalf of himself and on behalf of the Borrowers, and to take all actions necessary to consummate the Agreement.

D. Borrowers and Crites are liable to United in the amount of the Settlement Amount, pursuant and subject to the terms of the Agreement.

E. Appropriate notice of the Agreement and notice of the hearing on the Motion was given to all necessary parties-in-interest in accordance with the Receivership Order and all applicable statutes by service of a copy of the Motion. All parties had a full and fair opportunity to object to the Agreement.

F. This matter shall remain open on the Court's active docket for purposes of allowing the parties and the Receiver to continue the orderly administration and winding down of the Receivership Estate pursuant to the Receivership Order and to permit the parties to carry out the terms of the Settlement Agreement.

G. Upon the Receiver's completion of his liquidation and application of the proceeds to the Borrowers' and Guarantor's outstanding obligations to United consistent with the Agreement, the Borrowers, Guarantor, and United shall apply to this Court for an order concluding this action and, if necessary, granting United a stipulated judgment consistent with the terms of the Agreement.

H. This Order constitutes a final order, and the Court expressly finds that there is no just reason for delay in the entry of this Order and that this Order is final immediately for purposes of appeal.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record.

DATED: November 13, 2024

*Tom S Kleeh*

Hon. Thomas S. Kleeh